UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20463-CIV-MOORE/GARBER

**KIMBERLY F. EXEMAR,**

    Plaintiff,

v.

**THE URBAN LEAGUE OF GREATER
MIAMI, INC.**, a Florida Non-Profit
corporation, d/b/a URBAN LEAGUE OF
GREATER MIAMI, INC. and/or CLARA
B. KNIGHT EARLY CHILDHOOD
LEARNING AND DEVELOPMENT CENTER,

    Defendant.
_____/

## DEFENDANT THE URBAN LEAGUE OF GREATER MIAMI, INC.'S MOTION TO BIFURCATE DISCOVERY, TO STAY MERITS DISCOVERY AND FOR PROTECTIVE ORDER AS TO PLAINTIFF'S PENDING DISCOVERY REQUESTS

Defendant, the Urban League of Greater Miami, Inc., (the "Urban League"), pursuant to Rule 26 of the Rules of Civil Procedure, respectfully files this motion and incorporated memorandum of law moving this Court to enter an order: (i) bifurcating discovery into two phases – the first on the threshold issue of whether the Urban League was a covered employer as defined by the Family and Medical Leave Act ("FMLA") ("Phase I"), and the second on the substantive merits of Plaintiff's case ("Phase II");  (ii) staying Phase II, merits-related discovery pending resolution of the threshold "covered employer" issue; and (iii) establishing a briefing and discovery schedule for resolving the threshold "covered employer" issue.[1]  The Urban

---

[1]  Specifically, the Urban League asks the Court to establish a discovery schedule and deadlines for the filing of any dispositive motions that may be appropriate at that time.

League also moves this Court for a protective order as to Plaintiff's pending discovery requests. The grounds for this motion are set forth below in the incorporated memorandum of law.

**Introduction**

On February 20, 2008, Plaintiff filed an Original Complaint ("Complaint") in which she alleged that the Urban League interfered with the exercise of her FMLA rights and then discriminated/retaliated against her for her attempted invocation of FMLA rights. The FMLA only applies to private employers who have fifty (50) or more employees for twenty (20) or more workweeks per year. 29 U.S.C. § 2611(4)(A)(i). In her Complaint, Plaintiff alleged that the Urban League employed fifty (50) or more full-time employees during the relevant time period. Upon receiving the Complaint, the Urban League, a small, non-profit corporation, informed Plaintiff that it never had fifty (50) or more employees on its payroll during the relevant time period. The Urban League promptly provided Plaintiff with its Quarterly Federal Tax Returns from 2005 through 2007, which proved that the Urban League had employed a maximum of twenty-four employees in the previous three years.[2] *Exhibit "A."*

In response, Plaintiff filed her First Amended Complaint ("Amended Complaint") in which she alternately alleged that the Urban League is an integrated employer or a joint employer with several other organizations and adding the employees together would meet the fifty employee threshold. The Urban League is not an integrated or joint employer. But to demonstrate to Plaintiff that even under the joint or integrated employer theory Plaintiff cannot

---

[2] The U.S. Supreme Court has approved the payroll method as the means of determining the number of employees that an employer has for each working day under Title VII, and also referenced the Department of Labor's adoption of this method under the FMLA. *See Walters v. Metro. Educ. Enters.*, 519 U.S. 202 (1997).

2

prove that the Urban League is a covered employer, the Urban League provided Plaintiff with the 2007 Quarterly Federal Tax Returns for the only corporation named in Plaintiff's Amended Complaint that has any employees.[3] *Exhibit "B."* Even if it were an integrated or a joint employer, which it is not, the Quarterly Tax Returns prove that adding the employees of the other entities named in the Amended Complaint with the Urban League's employees still does not reach the fifty employee threshold.

The Urban League seeks to resolve the threshold dispositive issue of whether it is a "covered employer" under the FMLA before engaging in what stands to be extensive and substantial discovery and protracted litigation on the merits of Plaintiff's case. The Urban League submits that this issue, in addition to being a case-dispositive one, lends itself to the bifurcation sought herein because it is a discrete, and potentially dispositive issue, which is wholly separate from the substantive merits of Plaintiff's claims. Resolving the issue at this early stage will allow the parties to avoid extensive, costly and far-reaching discovery when the Urban League is not a covered employer and not covered by the statute attempted to be enforced here.

## Legal Argument

### A.  The Urban League was not a "covered employer" under the FMLA.

Pursuant to its authority under the FMLA, the Department of Labor has promulgated regulations which set forth the eligibility requirements for both employers and employees under

---

[3] Plaintiff's Amended Complaint lists Urban League Housing Partner, Inc., The Urban League Housing Corporation of Greater Miami, Inc., and The Urban League Housing Foundation, Inc. The Urban League Housing Corporation of Greater Miami, Inc. did not have more than seven employees in 2007. The other two companies do not have any employees.

3

the FMLA. *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1 (1st Cir. 2006). 29 C.F.R. §825.110(a) defines "eligible employees" and requires that the employee

> "(3) [be] employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." *Id.*

29 C.F.R. §825.104(a) defines "covered employers," i.e.,

> "any person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." *Id.*

An employee is ineligible for FMLA benefits if his or her employer does not employ the requisite number of people. *See Id.* (upholding the district court's grant of summary judgment in favor of employer pursuant to 20 C.F.R. § 825.110(a)(3)). Plaintiff was not an "eligible employee" under the FMLA in July of 2007 because the Urban League did not employ fifty (50) or more employees. Plaintiff did not request FMLA leave and even if she did, the FMLA does not protect an attempt for FMLA leave made by an ineligible employee. *See Walker v. Elmore County Bd. Of Educ.*, 379 F.3d 1249 (11th Cir. 2004)(holding that the FMLA does not protect someone who mistakenly asks for FMLA leave although they are ineligible). Given that the issue of whether the Urban League is a covered employer under the FMLA is dispositive of Plaintiff's claims, the Urban League seeks to limit discovery on the substantive merits of Plaintiff's claims until the Court determines this threshold issue.

**B.     This court should exercise its inherent power to control discovery to limit initial discovery to the threshold issue of whether the Urban League was a covered employer.**

Rules 26(c) and (d) of the Federal Rules of Civil Procedure authorize a court to control the sequence and timing of discovery by entering any order which justice requires to prevent annoyance, oppression, or undue burden or expense, including orders limiting the scope of discovery to certain issues. *Fed. R. Civ. P. 26(c) and (d).* Thus, trial courts have broad discretion in deciding to stay or limit discovery. *See, e.g., National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.,* 755 F.2d 176 (11th Cir. 1985). Although the allegations in this case do not involve a class action, the rules and case law governing discovery in class actions are instructive here. One of the threshold issues facing a court in the class action context is the determination of whether to certify the class. *Fed. R. Civ. P. 23(c)(1).* Courts are directed to make class determination as soon as practicable after the commencement of the action. *Id.* To this end, courts often find it appropriate and efficient to stay or limit discovery pending resolution of the issue of class certification. This case and the threshold issue of whether Plaintiff can even maintain this action, merit similar treatment.

Since the issue of whether the Urban League is a "covered employer" under the FMLA is dispositive of Plaintiff's claims against the Urban League, and is easily separable from the legal and factual issues on the merits of the case, this Court should limit initial discovery and briefing to this issue, and stay discovery on the merits until this issue is resolved. *See e.g. Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, 2006 WL 709799, No. Civ.A. 05-CV-404 (E.D.Pa. March 13, 2006)(finding that dismissal of the plaintiff's FMLA claim was proper after the parties were allowed to conducted limited discovery to determine the application of the

5

"ministerial exception" to the Court's exercise of jurisdiction over the plaintiff's FMLA claim). Courts have utilized this approach to limit the scope and breadth of discovery pending resolution of threshold case dispositive issues. In *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003), the defendant moved for a protective order and a partial stay of discovery until the Court ruled on pending motions to dismiss and for summary judgment seeking to dispose of the action under a statute of limitations argument. *Id.* The Court, citing to other federal cases, recognized that "courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." Accordingly, the Court granted the defendant's motion for a protective order, limiting the plaintiff's discovery exclusively to the legal issues raised by the defendant's dispositive motion. *Id.* at 692-93. In this case, postponing merits-based discovery until a determination on the threshold issue is made will more efficiently define the scope of this lawsuit, if any, and prevent the useless squandering of limited resources.

The breadth and scope of Plaintiff's first request to produce, first set of interrogatories and first request for admissions, served on the Urban League on May 14, 2008, illustrate why this case merits bifurcation of discovery. Formulating responses to Plaintiff's discovery requests and compiling the documents requested would cause the Urban League, a non-profit organization, to incur great expense. For example, Plaintiff's Interrogatories asks the Urban League to identify *each* document, including electronically stored information, pertaining to *any* fact alleged in *any* pleading, including employee files, communications to or about the plaintiff, communications by employees, managers, officers, directors, or shareholders relating to the management, ownership, labor relations, or interrelated operations of other entities or businesses. Plaintiff's request for production of documents also seeks extensive information including all documents in the Urban League's possession that in any way reference Plaintiff (Request #1);

and any and all documents regarding any communications the Urban League has had with anyone regarding any possible, theoretical, potential, contemplated, or actual unemployment compensation claim regarding Plaintiff (Request #20). Most of the remainder of Plaintiff's Requests for Production of documents, of which there are a total of 27, are similarly broad. Requiring the Urban League to expend resources responding to Plaintiff's expansive discovery requests is not justified here where, contrary to the allegations contained in Plaintiff's Amended Complaint, ultimately, Plaintiff will not be able to sustain this action because the Urban League is not a "covered employer" under the FMLA.

      **C.     Entry of a protective order is appropriate in this case.**

As discussed above, the Urban League seeks initially to limit discovery to the issue of whether the Urban League was a covered employer and, thus, is even liable under the FMLA. From the onset of this litigation, the Urban League provided Plaintiff with information demonstrating that under any theory the fifty employee threshold has not been met. Nonetheless, on May 14, 2008, Plaintiff served her first set of discovery requests, seeking considerable information completely unrelated to the "covered employer" issue.

Should the Court decide that the Urban League was not a "covered employer" under the FMLA, the Urban League's forced participation in the unfettered discovery submitted by Plaintiff will have been an expensive, disruptive and wasteful use of the Urban League's limited resources. To avoid this unnecessary result, the Court should enter a protective order as to all of Plaintiff's discovery requests that seek discovery beyond the Phase I issue.

## Specific Objectionable Interrogatories, Requests to Produce,
## Requests for Admissions and Rule 30(b)(6) Deposition Notice

The vast majority of Plaintiff's discovery requests extend beyond the Phase I discovery issues.

### Interrogatories:

9. *Please identify all charges, grievances, complaints or lawsuits filed against the Defendant alleging any violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. since January 2, 2002.*

10. *Please explain the different teaching positions (including but not limited to "morning teacher" and "assistant teacher") at the Clara B. Knight Childhood Learning & Development Center including but not limited to the pay rates, hours, job duties, and responsibilities.*

11. *Please explain the method for determining which teachers shall receive reduced hours should the need to reduce hours arise.*

12. *Please provide the number of hours worked by each teacher on a weekly basis since August 27, 2007, specifically including the morning teacher's hours among others.*

### Requests to Produce:

1. *Documents indicative of any monies paid or given to Plaintiff by you for any purpose in the three years preceding the filing of this lawsuit through the present.*

2. *Any documents in your possession that in any way reference Plaintiff. This request includes, but is not limited to, correspondence, records of hours worked by Plaintiff,*

> *phone messages, memos, delivery receipts, and any e-mails to, from, or referencing Plaintiff.*

3. *All non-privileged documents prepared by you, or received by you prior to the commencement of this lawsuit that discuss or concern the Plaintiff in this case, including notes or other materials regarding any meetings or telephone calls discussing or concerning the Plaintiff.*

4. *All payroll records related to Plaintiff.*

5. *All evaluations, critiques, assessments, memorandums, notes regarding the Plaintiffs work, attitude, demeanor, competency, and/or job performance.*

6. *All descriptions of the Plaintiffs job duties or a description of the duties of the job titles that Plaintiff held while employed by Defendant(s).*

7. *All documents which in any way evidence or suggest that Plaintiff performed tasks from which you garnered a benefit.*

8. *If you assert that you earned under $500,000 in gross revenue in any calendar year in any of the three years preceding the filing of the Complaint, please provide a copy of your federal tax return for each such year.*

9. *All documents which evidence the terms and conditions of Plaintiffs employment with Defendant, including all company and personnel manuals, employee handbooks, memos to employees or similar documents during the period Plaintiff was employed by Defendants.*

   *[**No paragraph #10**]*

11. *All documents evidencing a relationship that you may have with any company not the Defendant who may process payroll for Defendant.*

12. *All documents described in any response to interrogatories served in this lawsuit.*

13. *Any and all memoranda, diaries, journals or other documents prepared by Defendant or any of its officers, directors and employees, or any other person, which relate in any manner to Plaintiffs employment, whether or not prepared in anticipation of litigation.*

14. *All documents listed or identified on the Defendants' initial disclosures.*

15. *All documents relied on in drafting the Defendants' initial disclosures.*

16. *Any and all documents, memoranda or written summaries of any conversation or meetings with any clients or acquaintances of Defendant regarding the allegations in Plaintiffs Complaint.*

17. *Any "reservation of rights" letter and/or denial-of-coverage letter from your insurer(s) regarding this case.*

18. *Any requests for verification of employment that you have ever received, partially completed, and/or completed regarding the Plaintiff. This request includes, but is not limited to, any Fannie Mae or lender forms requesting verification of Plaintiffs employment.*

19. *Any and all documents regarding any unemployment compensation claim that Plaintiff has ever contemplated or filed.*

20. *Any and all documents regarding any communications you have had with anyone regarding any possible, theoretical, potential, contemplated, or actual unemployment compensation claim regarding Plaintiff. This request includes, but is not limited to, any and all communications between you and Florida's Agency for Workforce Innovation regarding Plaintiff.*

21. *Any "I-9" forms, "W-2's," "W-4's" or other tax forms referencing Plaintiff.*

**Requests for Admission**:

1. Admit you were Plaintiffs employer at some point during the three years preceding the filing of this lawsuit.

2. Admit that Plaintiff was employed by the Defendant from June, 1999 up and through the filing of the complaint.

3. Admit that the Plaintiff worked for the Defendant more than 1,250 hours in the 12 months preceding July 2007.

4. Admit that prior to July 2007 the Plaintiff was the lead or morning teacher for the defendant.

5. Admit that after returning from her leave in July 2007, Plaintiff was offered a position as an assistant teacher.

6. Admit that the Plaintiffs hours have been reduced while the current Morning or Lead teacher's hours were not.

7. Admit that the job duties of the assistant teacher are significantly different from those of the morning or lead teacher.

8. Admit that the Plaintiffs hours were reduced on September 11, 2007 to five hours a day.

9. Admit that her hours were not reduced due to her performance.

10. Admit that the Plaintiff performed her job duties competently prior to her leave in July 2007.

11. Admit that Plaintiff was qualified for the position of Morning or lead teacher.

12. Admit that Plaintiff was not allowed to resume her position as Morning or Lead teacher due to her month long absence in 2007.

13. *Admit that Plaintiff provided proof that her absence was due to a serious health condition.*

14. *Admit that Plaintiff had a serious health condition in July 2007.*

15. *Admit that Plaintiff could not perform her functions as a teacher due to her serious health condition in July 2007.*

16. *Admit that Plaintiff provided notice of her illness and necessity for leave as soon as practicable under the circumstances.*

17. *Admit that Plaintiff was treated by a health care provider for her illness in July 2007.*

18. *Admit that Plaintiff received inpatient care in July 2007.*

The discovery requests listed above are not aimed at discovering information that would enable Plaintiff to establish that the Urban League is a covered employer for purposes of FMLA. Indeed, the majority of the information sought in the discovery requests go to the merits of Plaintiff's claim. The Urban League does not seek to prevent Plaintiff from taking any discovery, but rather simply to limit, at this early stage, discovery to the threshold issue of whether the Urban League was a "covered employer" under the FMLA. The issue of whether the Urban League is a covered employer will be dispositive as to whether Plaintiff may proceed against the Urban League in this lawsuit. And resolution of this issue prior to engaging in merit based discovery will conserve the Urban League's limited resources. Accordingly, the Urban League respectfully requests that this Court enter a protective order staying a response to the discovery requests set forth above until the Court determines the threshold issue.

## CONCLUSION

Bifurcating discovery to initially resolve the dispositive issue of whether the Urban League can be maintained as a Defendant in this lawsuit is a more efficient use of the parties' time and judicial resources as it would prevent the Urban League from engaging in broad based and expansive discovery. Plaintiff will not be harmed by limiting discovery to the threshold issue which is clearly distinguishable from discovery on the merits of Plaintiff's case.

WHEREFORE, Defendant the Urban League of Greater Miami, Inc. respectfully requests this Court enter an order: (a) bifurcating discovery into two phases - the first dealing only with the threshold issue of whether the Urban League is a covered employer ("Phase I"); and the second dealing with merit-based discovery ("Phase II"); (b) establishing a briefing and discovery schedule for resolving the "covered employer" issue; (c) staying the second phase of discovery on the merits of Plaintiff's claims; and (d) entering a protective order as to Plaintiff's pending discovery requests.

## CERTIFICATION

Pursuant to Local Rule 7.1.A.3, prior to filing this motion undersigned counsel conferred with Mauri Peyton, counsel for Plaintiff, in a good faith effort to resolve the issues set forth herein. The parties were unable to agree on a resolution to these issue.

Dated: May 20, 2008  Respectfully submitted,

By: ___s/Kelly-Ann Cartwright
Kelly-Ann G. Cartwright (FBN 892912)
kelly-ann.cartwright@hklaw.com
Leona N. McFarlane (FBN 16501)
leona.mcfarlane@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 789-7795 (telephone)
(305) 789-7799 (facsimile)
Counsel for Defendant, The Urban League

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing DEFENDANT'S MOTION TO BIFURCATE DISCOVERY, TO STAY MERITS DISCOVERY, AND FOR PROTECTIVE ORDER has been furnished by regular U.S. Mail on this 20th day of May, 2008 to all counsel of record identified on the attached Service List.

s/Kelly-Ann Cartwright
Kelly-Ann G. Cartwright

### SERVICE LIST
### Exemar v. The Urban League
### Case No. 08-20463-CIV-MOORE/GARBER
### United States District Court, Southern District of Florida

Mauri Peyton, Esq.
Mauri Peyton, P.A.
Litigation Building
633 S. Andrews Ave., Suite 101
Ft. Lauderdale, FL 33301

# 5340365_v2