UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20463-CIV-MOORE/GARBER

KIMBERLY F. EXEMAR,

    Plaintiff,

v.

THE URBAN LEAGUE OF GREATER
MIAMI, INC., a Florida Non-Profit
corporation, d/b/a URBAN LEAGUE OF
GREATER MIAMI, INC. and/or CLARA
B. KNIGHT EARLY CHILDHOOD
LEARNING AND DEVELOPMENT CENTER,

    Defendant.
_____/

### DEFENDANT THE URBAN LEAGUE OF GREATER MIAMI, INC.'S MOTION FOR RULE 11 SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

    This case involves the very conduct that Rule 11 was designed to deter: the filing of pleadings that are not well grounded in fact or warranted by existing law. Fed. R. Civ. P. 11. When Plaintiff Kimberly Exemar commenced this action seeking damages for violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, (the "FMLA"), prevailing legal standards and facts which Plaintiff's counsel could have learned through reasonable inquiry, research or investigation rendered her Complaint frivolous. Plaintiff alleged in her Complaint that the Urban League interfered with the exercise of her FMLA rights and then discriminated/retaliated against her for her attempted invocation of FMLA rights. Plaintiff is currently aware that her claims are not supported by federal law because the Urban League has provided her attorney with information indicating that the Urban League is not an employer covered by the FMLA. The FMLA only applies to private employers who have fifty (50) or

more employees for 20 or more workweeks per year. 29 U.S.C. § 2611(4)(A)(i). The Urban League has never had fifty (50) or more employees on its payroll during the relevant time period. This information, including a copy of the Urban League's Quarterly Federal Tax Returns from 2005 through 2007, was provided to Plaintiff's counsel on April 10, 2008. *See Exhibit 1*. Furthermore, on April 14, 2008, Plaintiff's counsel was also provided with case law identifying the payroll method as the proper method for determining whether the fifty (50) employee threshold is met. *See Exhibit 2*. Despite this knowledge, Plaintiff has failed to dismiss her claims. For these reasons, and as detailed below, the Urban League moves this Court for Rule 11 Sanctions against Plaintiff and Plaintiff's counsel.

## **MEMORANDUM OF LAW**

The law of this Circuit is clear: Rule 11 imposes an affirmative duty on the signer to make "some pre-filing inquiry into both the facts and the law" so as to be in a position to certify that the proposed paper is well grounded in both fact and law. *See Norelus v. Denny's Inc. et al.*, Case No. 94CV2680, 2000 WL 33541630, *11 (S.D. Fla. Mar. 21, 2000); *see also Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("Rule 11 stresses the need for some pre-filing inquiry")(citations omitted); *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987). The sufficiency of the inquiry conducted by the signers is properly evaluated by an objective standard of "reasonableness under the circumstances" existing at the time of signing — a standard more stringent than the original standard of simple good faith. *Donaldson*, 819 F. 2d at 1556; *see e.g. Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc*, 164 F.R.D. 694, 699 (M.D. Fla. 1996).

Although Rule 11 does not require that a signer be <u>correct</u> in his legal theories and factual assertions, it <u>does</u> require that the signer <u>reasonably</u> inquire, research and investigate the facts

2

and law prior to filing a pleading, such as the complaint herein, so that the factual and legal grounds asserted are "plausible" or reasonable under the circumstances. *See* Advisory Committee Notes to Rule 11; *see also Norelus,* 2000 WL 33541630 at *11; *Wendy's*, 164 F.R.D. at 699. The Eleventh Circuit Court has stated that,

> [a]t least three distinct, but at times overlapping, types of conduct by a party or attorney might warrant the imposition of Rule 11 sanctions. First, a party might file a pleading or other paper that may have no reasonable or factual basis. Second, a party might advance a legal theory that has no reasonable chance of success under the state of the decisional and statutory law and that cannot be advanced as a reasonable argument to reverse, modify or extend a law. Third, a party might file a motion or pleadings for harassment or delay.

*United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988); *see also Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) ("The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motion , and to deter costly meritless maneuvers.") (citations omitted).

Rule 11 sanctions should be imposed when a party fails to conduct a pre-filing inquiry into the law governing the complaint. If a court finds that the party failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions, even upon a finding that the party had a good faith belief that the case was sound. *See Byrne v. Nezhat*, 261 F. 3d 1075, 1105 (11th Cir. 2001); *see also Norris v. Grosvenor Marketing Ltd.*, 803 F.2d 1281 (2d Cir. 1986) ("Under Rule 11, sanctions <u>must</u> be awarded when a competent attorney [or party] could not have formed a belief after reasonable inquiry that the claims were warranted by

existing law or a good faith extension, modification or reversal of existing law"). Moreover, Rule 11 also emphasizes the *continuing* obligation to make inquiries and underscores:

> "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . A litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."

*Turner v. Sungard Business Sytems, Inc*., 91 F.3d 1418 (11th Cir. 1996) (quoting Fed. R. Civ.P. 11 advisory committee's note and affirming district court's imposition of sanctions on the plaintiff's counsel under Rule 11). In this case, a reasonable inquiry or investigation into the facts upon which Plaintiff premises her claims would have revealed to Plaintiff's counsel that Plaintiff's FMLA interference and discrimination/retaliation claims have no basis in either law or fact because the Urban League is not a covered employer. Furthermore, after filing the Complaint, Plaintiff's counsel was provided with information demonstrating that Plaintiff's claim is frivolous. Plaintiff's counsel's failure to withdraw the Complaint after receiving this information violates his continuing obligation under Rule 11.

    **A.**    **The Claims of Kimberly Exemar are Frivolous and Justify Rule 11 Sanctions.**

Plaintiff's FMLA interference and discrimination/retaliation claims lacked credible, or even colorable, factual foundation and were factually incompetent at their inception. *See Avirgan v. Hull*, 932 F.2d 1572, 1581-83 (11th Cir. 1991) cert. den. 502 U.S. 1048 (1992) (sanctions warranted where parties and counsel knew before filing that they had no competent

evidence); *Ortho Pharmaceuticals Corp. v. Sona Distributors*, 847 F.2d 1512, 1514 (11th Cir. 1988) (meriting the application of an appropriate sanction under Rule 11); *Battles v. City of Ft. Myers*, 127 F.3d 1298 (11th Cir. 1997)(awarding sanctions for failure of Plaintiff's attorney to make reasonable inquiry prior to trial to ensure that attorney could procure evidence to support his client's position).

Pursuant to its authority under the FMLA, the Department of Labor has promulgated regulations which set forth the eligibility requirements for both employers and employees. *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1 (1st Cir. 2006). 29 C.F.R. §825.110(a) defines "eligible employees" and requires that the employee

> (3) [be] employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite. *Id.*

29 C.F.R. §825.104(a) defines "covered employers," i.e.,

> any person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. *Id.*

An employee is ineligible for FMLA benefits if his or her employer does not employ the requisite number of people. *See Id.* (upholding the district court's grant of summary judgment in favor of employer pursuant to 20 C.F.R. § 825.110(a)(3)). Plaintiff knew or should have known that she was not an "eligible employee" under the FMLA in July of 2007 because the Urban League did not employ fifty (50) or more employees. Plaintiff worked at the Clara B. Knight Early Learning Center, where she witnessed on a daily basis the small number of employees working at that location. In fact, the Urban League did not employ more than 25 employees in

2007, which should have been plainly obvious to Plaintiff. Because Plaintiff was not eligible for FMLA leave, her claim that the Urban League interfered with her right to said leave is without merit.

Moreover, the FMLA does not protect an attempt for FMLA leave made by an ineligible employee. *See Walker v. Elmore County Bd. Of Educ.*, 379 F.3d 1249 (11th Cir. 2004). To state a claim for retaliation under the FMLA, and employee must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Id.* (citation omitted). Plaintiff's claim for discrimination/retaliation for invoking her right to FMLA must fail because she did not engage in a statutorily protected activity. *See Id.* (specifically disagreeing with the district court's holding that the FMLA can protect someone who mistakenly asks for FMLA leave although they are ineligible).

**B.     The Imposition of Sanctions Against Plaintiff and Plaintiff's counsel is Completely Warranted.**

The Eleventh Circuit has acknowledged that Rule 11 sanctions are not fee-shifting arrangements but rather a return to the status quo of the party which incurred expenses as a result of an action which ought never to have been filed. *Collins v. Walden*, 834 F.2d 961, 966 (11th Cir. 1987). Furthermore, "the imposition of a monetary sanction is a particularly reasonable use of a court's discretion under Rule 11." *Donaldson* at 1557. "Imposing a financial penalty often will be the most effective and fair means of enforcing Rule 11 and deterring baseless suits." *Id.* Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions against a party even though the party is neither an attorney nor the signor of the pleadings. *Byrne v. Nezhat,* 261 F.3d at 1106 (citing *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1508 n. 14 (11th

Cir.1993) ("Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client." (quoting Fed.R.Civ.P. 11 Advisory Committee's note)). Both Plaintiff and Plaintiff's counsel are subject to sanctions in this case.

Plaintiff knew or should have known prior to filing this lawsuit that she was not eligible for FMLA leave because she was not an eligible employee and the Urban League was not a covered employer. At the outset of this litigation, Plaintiff also received documentation confirming that the Urban League was not a covered employer. Plaintiff's request for an FMLA leave that she was not eligible for did not constitute a protected activity under the FMLA. Furthermore, it should have been clear to Plaintiff's counsel that these facts made Plaintiff's interference and discrimination/retaliation claims under the FMLA factually and legally incompetent from their inception. *See e.g. Avirgan v. Hull*, 932 F.2d 1572, 1581-83 (11th Cir. 1991) *cert. den*. 502 U.S. 1048 (1992) (sanctions warranted where parties and counsel knew before filing that they had no competent evidence). The imposition of sanctions under Rule 11 is mandated.

## CONCLUSION

The failure of Plaintiff's counsel to conduct a reasonable pre-filing inquiry into the facts and prevailing legal standards prior to filing clearly frivolous claims compels invocation of Rule 11. Even after receiving irrefutable evidence that Plaintiff cannot establish a claim under the FMLA, Plaintiff's counsel continues to maintain this action. Sanctions must be imposed to compensate the Urban League for the expenses incurred in defending these baseless claims and to deter Plaintiff and Plaintiff's counsel from repeating this conduct. For the foregoing reasons,

the Urban League respectfully requests that Rule 11 sanctions be imposed and that the Urban League be awarded its reasonable attorneys' fees, costs, and expenses.

| | |
|---|---|
| Dated: <u>May 30, 3008</u><br>         Miami, Florida | Respectfully submitted,<br><br><u>s/Kelly-Ann Cartwright</u><br>Kelly-Ann G. Cartwright (FBN 892912)<br>kelly-ann.cartwright@hklaw.com<br>Leona N. McFarlane (FBN 16501)<br>leona.mcfarlane@hklaw.com<br>HOLLAND & KNIGHT LLP<br>701 Brickell Avenue, Suite 3000<br>Miami, Florida 33131<br>305-374-8500 (telephone)<br>305-789-7799 (fax)<br>Attorneys for Defendant, The Urban League |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing MOTION FOR RULE 11 SANCTIONS has been furnished by regular U.S. Mail on this 30th day of May, 2008 to all counsel of record identified on the attached Service List.

<u>s/Kelly-Ann Cartwright</u>
Kelly-Ann G. Cartwright

### SERVICE LIST
### Exemar v. The Urban League
### Case No. 08-20463-CIV-MOORE/GARBER
### United States District Court, Southern District of Florida

Mauri Peyton, Esq.
Mauri Peyton, P.A.
Litigation Building
633 S. Andrews Ave., Suite 101
Ft. Lauderdale, FL 33301

# 5282703_v1

8