UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20463-CIV-MOORE/GARBER

KIMBERLY F. EXEMAR,

    Plaintiff,

v.

THE URBAN LEAGUE OF GREATER
MIAMI, INC., a Florida Non-Profit
corporation, d/b/a URBAN LEAGUE OF
GREATER MIAMI, INC. and/or CLARA
B. KNIGHT EARLY CHILDHOOD
LEARNING AND DEVELOPMENT CENTER,

    Defendant.
_____/

**DEFENDANT THE URBAN LEAGUE OF GREATER MIAMI, INC.'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY, TO STAY MERITS DISCOVERY AND FOR PROTECTIVE ORDER AS TO PLAINTIFF'S PENDING DISCOVERY REQUESTS**

Plaintiff's response, seeking to engage in extensive discovery on issues that should have been verified prior to filing her case, underscores that bifurcation of this case is necessary to shelter the Urban League, a not for profit organization, from incurring further costs associated with Plaintiff's fishing expedition.  By its motion, the Urban League is simply attempting to limit initial discovery to whether it is subject to the FMLA.  In her Original Complaint, Plaintiff erroneously alleged that the Urban League "employed 50 or more full-time employees" "at all times relevant to this Complaint."  After the Urban League provided Plaintiff with indisputable proof that it did not employ 50 or more employees, she filed an Amended Complaint alternately alleging that the Urban League is an "integrated employer" or a "joint employer" with four

named organizations, and "others to be discovered."[1]  Bifurcating discovery to address the issue of whether the Urban League actually is an "integrated employer" or a "joint employer" would not harm Plaintiff in any way, and in fact provides her with the opportunity to focus on this threshold issue in a streamlined discovery phase.  Plaintiff claims that granting the Urban League's request would greatly harm her by "subjecting her to potentially two rounds of unnecessary discovery."  But the Urban League has not served Plaintiff with any discovery requests, and it does not anticipate serving any such requests in the first phase of discovery if its Motion to Bifurcate is granted.  Thus, the only "unnecessary discovery" present is Plaintiff's.

**A.    Whether the Urban League is a "covered employer" is a threshold issue that should be resolved before engaging in merits based discovery.**

The Urban League is not covered by the FMLA, and it does not have an "integrated employer" or "joint employer" relationship with any other company.  If it is not a covered employer, Plaintiff's claims are without merit.  This threshold issue is potentially dispositive, and should be resolved before starting discovery into the factual allegations of Plaintiff's claim.  The Urban League's requested bifurcation would not hamper Plaintiff's efforts to discover whether it is a "covered employer," and it does not seek a protective order with regard to any of Plaintiff's discovery requests on that issue.  Although the Urban League has no duty to conduct Plaintiff's pre-filing obligations as to the validity of a claim, in an effort to avoid litigation costs, the Urban League has been more than cooperative with Plaintiff.  After her Original Complaint, the Urban League provided Plaintiff with its federal quarterly tax returns establishing the number of its employees from 2005 through 2007, well in advance of any of Plaintiff's discovery requests.

---

[1] Although Plaintiff disingenuously asserts that these issues were addressed in the Joint Scheduling Report, her Amended Complaint had not yet been filed when the Joint Scheduling Report was submitted.  The Urban League could not have anticipated that Plaintiff would seek discovery with regard to a seemingly endless array of corporations in a misguided attempt to find an "integrated employer" or "joint employer" relationship where none exists.

2

After Plaintiff filed her Amended Complaint, the Urban League again provided her with federal quarterly tax returns relating to the additional entities she named, illustrating that even with these named entities, the threshold requirement of 50 employees is not met.

**B.     The Urban League should not bear the expense of lengthy discovery if it is not a covered employer.**

Plaintiff concedes that it would be a great expense for the Urban League to respond to her discovery relating to the merits of the case, in addition to the threshold issue of whether the Urban League is a covered employer.  What Plaintiff fails to acknowledge is that the Urban League would also have to issue discovery requests, schedule and prepare for Plaintiff's deposition, and defend depositions relating to Plaintiff's employment if discovery on the merits were to move forward.  While many employers would be able to bear this expense with ease, a small, not for profit organization with less than 50 employees cannot.  And relatively few cases have addressed a motion to bifurcate under similar circumstances because, prior to 2006, this issue would have been resolved in a motion to dismiss.  *See Minard v. ITC Deltacom Communications, Inc.,* 447 F.3d 352 (5th Cir. 2006)(applying the Supreme Court's bright line rule and concluding that the threshold number of employees for application of the FMLA is an element of a plaintiff's claim for relief, not a jurisdictional limitation and citing *Arbaugh v. Y & H Corporation dba Moonlight Café*, --- U.S. ---, 126 S.Ct. 1235 (2006)).  This Court has the inherent power to control the discovery process.  Because a finding that the Urban League is not a "covered employer" within the meaning of the FMLA would be dispositive of Plaintiff's claims, bifurcation is appropriate.

WHEREFORE, Defendant the Urban League of Greater Miami, Inc. respectfully requests this Court enter an order: (a) bifurcating discovery into two phases - the first dealing only with the threshold issue of whether the Urban League is a covered employer ("Phase I"); and the

3

4

second dealing with merit-based discovery ("Phase II"); (b) establishing a briefing and discovery schedule for resolving the "covered employer" issue; (c) staying the second phase of discovery on the merits of Plaintiff's claims; and (d) entering a protective order as to Plaintiff's pending discovery requests.

Dated: June 5, 2008                                            Respectfully submitted,

By: ___s/Kelly-Ann Cartwright
Kelly-Ann G. Cartwright (FBN 892912)
kelly-ann.cartwright@hklaw.com
Leona N. McFarlane (FBN 16501)
leona.mcfarlane@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 789-7795 (telephone)
(305) 789-7799 (facsimile)
Counsel for Defendant, The Urban League

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY, TO STAY MERITS DISCOVERY, AND FOR PROTECTIVE ORDER has been furnished by regular U.S. Mail on this 5th day of June, 2008 to all counsel of record identified on the attached Service List.

                                                    s/Kelly-Ann Cartwright
                                                    Kelly-Ann G. Cartwright

### SERVICE LIST
**Exemar v. The Urban League**
**Case No. 08-20463-CIV-MOORE/GARBER**
**United States District Court, Southern District of Florida**

Mauri Peyton, Esq.
Mauri Peyton, P.A.
Litigation Building
633 S. Andrews Ave., Suite 101
Ft. Lauderdale, FL 33301

# 5381929_v1