UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20463-CIV-MOORE/SIMONTON

KIMBERLY F. EXEMAR,

    Plaintiff,

v.

THE URBAN LEAGUE OF
GREATER MIAMI, INC.,

    Defendant.
_____/

## ORDER

Presently pending before the Court is the Motion to Bifurcate Discovery, to Stay Merits Discovery and for Protective Order, filed by Defendant, the Urban League of Greater Miami, Inc. (DE # 14). This motion is fully briefed (DE ## 17-18) and referred to the undersigned Magistrate Judge (DE # 16). The undersigned notes that the Urban League has also filed a motion for enlargement of time to respond to Plaintiff's discovery requests (DE # 21), based on its assertion that the issues related to its discovery responses and objections are intertwined with the issues raised in connection with the instant motion. Based upon a careful review of the record as a whole and for the reasons stated herein, Defendant's motion is DENIED.

    I.    **BACKGROUND**

This case arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, based on Plaintiff's allegations that the Urban League interfered with her rights under the FMLA (Count 1) and retaliated against her for attempting to invoke her rights under the FMLA (Count 2) (DE # 11). In the instant motion, the Urban League insists that it is not a "covered employer" under the meaning of the FMLA and

therefore requests that the Court bifurcate discovery to address this "threshold" issue before allowing Plaintiff to request further discovery related to the substantive merits of her case. The Urban League relatedly seeks to stay discovery that is not related to the "threshold" issue of whether it is a "covered employer" and asks that the Court issue a protective order geared to those same ends (DE # 14).

Based on the parties' joint scheduling report, which did not provide for bifurcated discovery (DE # 6), the District Court set this case for trial on the two-week trial period commencing November 10, 2008 and set a discovery deadline of September 1, 2008, seventy days prior to the start of trial (DE # 8)

## II.  LEGAL FRAMEWORK FOR ANALYSIS

The Court beings by recognizing the proposition that,

> chief among the characteristics of federal litigation is the principle, with few exceptions, that a case is to be tried as a single unit and not broken into piecemeal trials. . . . To effectuate this deliberate choice on the part of Congress in favor of the once-and-for-all litigation as to all issues, the Federal Rules allow for broad discovery.

*Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1353 (S.D. Fla. 2008).

According to the Federal Rules, the Court may order a separate trial on a particular issue "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42(b). The determination of whether bifurcation is appropriate is left to the sound discretion of the District Court. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Bifurcation is the exception rather than the rule. *See Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976) ("[S]eparation of issues is not the usual course that should be followed"). The burden rests with the moving party to show that bifurcation is necessary. *See* 9A Wright & Miller Federal Practice and Procedure: Civil 3d § 2388 at

**124-25 & n.23 (collecting cases) (2008).**

Relatedly, the Federal Rules permit the issuance of a protective order, upon a showing of good cause and reasonableness, which "forbid[s] inquiry into certain matters, or limit[s] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Courts in this Circuit have utilized this Rule to grant stays of discovery where the moving party has satisfied its burden of establishing that a stay is justified because a the resolution of a pending motion will dispose of the entire case. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In such circumstances, however, the Court "must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Id.*

### III.    THE POSITIONS OF THE PARTIES

The Urban League's argument, at bottom, is that it not a "covered employer" under the FMLA and should be relieved of the burden of responding to additional discovery propounded by Plaintiff until the Court resolves this threshold dispute (DE # 14). Early in this litigation, the Urban League provided its payroll records to show that it did not employ 50 or more employees during the relevant period as required by the FMLA. Plaintiff has since amended her complaint consistent with her contention that the Urban League consists of as many as thirty ostensibly separate organizations which share office space, operations, common management and, in some cases, the same name. Those organizations, according to Plaintiff, cumulatively employ over 50 employees, meaning that the Urban League is a "joint employer" or "integrated employer" covered by the FMLA and there is no reason to separate this matter from the other matters at issue in the case for the purposes of discovery (DE # 17).

### III.    ANALYSIS

The Urban League has not met its burden of establishing that the bifurcation of discovery under Rule 42(b) would promote convenience and expediency while discouraging prejudice to the parties; nor has the Urban League met its burden of demonstrating good cause to stay discovery under Rule 26(c).  The Court notes that many of the factual issues that militate against bifurcating discovery also militate against the entry of a protective order staying discovery, so there is considerable overlap in the Court's examination of these two related issues below.

The Court finds that, from a practical perspective, it will not be possible to grant the Urban League's motion to bifurcate or stay discovery absent a continuance of the September 2008 discovery cutoff and the November 10, 2008 trial date (DE # 8).  The Urban League suggests that it agreed to a July 2008 discovery deadline, an August 2008 dispositive motions deadline and an October 2008 trial date based on its hope that the production of its payroll records would result the disposition of this case in its early stages, without the need for requesting a bifurcated discovery plan (DE # 6).  The fact remains, however, that the Court relied on the parties' realistic assessment of the time they would need to prepare for trial when it set the pretrial and trial schedule for this case.

Although the Urban League contends that it "could not have anticipated" at the time the joint scheduling report was filed "that Plaintiff would seek discovery with regard to a seemingly endless array of corporations in a misguided attempt to find an 'integrated employer' or 'joint employer' relationship where none exists" (DE # 18 at 2 n.1), the parties in fact listed the question of "Whether the Urban League was an integrated employer under the FMLA" among the Legal Issues in dispute in their joint

4

scheduling report (DE # 6 at 3, ¶ 4); and, the parties specifically stated that "Discovery will be needed on . . . the Urban League's status as an integrated employer" (DE # 6 at 4). Moreover, while the Urban League suggests that discovery related to its status as a covered employer has turned out to be more cumbersome than expected, it has not argued that, at the time it filed the joint scheduling report, it underestimated the burdensomeness of the "merits-based" discovery it now seeks to defer.  Therefore, the Urban League's briefs do not support its position that the Court should alter the agreed-upon pretrial schedule by delaying merits discovery.

The Federal Rules are designed to assure "the just, speedy, and inexpensive determination of every action," which does not necessarily mean that individual litigants are spared every possible burden or expense.  Fed. R. Civ. P. 1.  It is true that the "covered employer" issue – like every element of Plaintiff's FMLA claim – is case-dispositive, but the Urban League's desire to eliminate any unnecessary discovery proceedings by addressing this case-dispositive issue separately from the rest does not, on its own, constitute good cause for bifurcating or staying discovery.  As explained in more detail below, the Urban League has not established that its argument regarding its status as a covered employer is meritorious and thus will likely dispose of the entire case, nor has it established that the burden of discovery is sufficiently burdensome to justify a stay of any discovery that is not related to the "covered employer" issue.

First, the Urban League's argument relies on the accuracy of its assessment that it is not a covered employer; if the Urban League is, in fact, a covered employer, then the Plaintiff and the Court will have been subjected to unnecessarily long and fragmented proceedings for naught.  In this regard, the Urban League has not demonstrated why its position regarding its status as a non-covered FMLA employer is more likely to prevail

over Plaintiff's. From the Court's vantage point based on the existing inchoate record, the relative strength of the parties' positions on this issue are at or near equipoise. The Urban League has not yet filed – nor has it indicated that it is prepared to file – any substantive evidence or a motion for partial summary judgment on this issue, so it is not possible for the Court to "take a 'preliminary peek'" at the evidence supporting Urban League's underlying arguments and determine whether its assertion that it is not a covered employee under the FMLA is "clearly meritorious." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Plaintiff has presented a plausible argument that there is a "high degree of common control amongst over thirty (30) organizations" that constitute the Urban League, such that the Urban League employs more than 50 employees and is a covered employer under the FMLA.

Second, the Court has considered, and rejects, the Urban League's proposition that bifurcation is appropriate because it is a not-for-profit organization with fewer than 50 employees and cannot bear the expense of unnecessary discovery (DE # 18 at 3). The undersigned first notes, parenthetically, that this argument is tautological because it requires the Court to adopt the Urban League's underlying contention that it has fewer than 50 employees, when that matter is hotly contested by Plaintiff, who contends that the Urban League is really a conglomerate of more than 30 organizations. However, even if the Urban League has fewer than 50 employees, it has failed to demonstrate that its exposure to the costs of discovery warrant bifurcation of the "covered employer" issue or the entry of a discovery stay. All of the Urban League's arguments in this regard are conclusory and are supported by little more than the *ipse dixit* of its counsel. The Urban League has not carried its burden of proving good cause for a discovery stay by introducing any substantive evidence of particularized annoyance, embarrassment,

oppression or undue burden or expense associated with this discovery.  The Urban League's attempt to compare this case to a class action lawsuit, where courts often segregate class certification discovery from merits discovery, is unpersuasive.  Class action lawsuits by their very nature involve multiple parties and often involve widespread and long-standing allegations of illegal conduct, as well as complicated legal and factual issues.  This case, by comparison, involves a single plaintiff who has alleged a discrete cause of action involving acts that all occurred within a relatively narrow timeframe.  Whereas the burden of discovery that justifies bifurcation is readily apparent in most class action lawsuits, it is not evident that the discovery in this case will impose an overbearing burden on the Urban League absent a further showing of particularized harm.

     In sum, the Urban League's arguments in favor of bifurcating or staying discovery except those matters touching on its status as a covered employer under FMLA are unconvincing and fail to sustain the Urban League's burden under the Federal Rules.  First, the Urban League has not provided any substantive evidence to support its conjecture that it will prevail on a yet-to-be filed dispositive motion relating to its status as a "non-covered employer," which Plaintiff, by every indication, would oppose in the event it is filed.  Second, the Urban League has not provided any substantive evidence to demonstrate that the hardship associated with having to participate in unphased discovery will outweigh the inconvenience to Plaintiff and the Court by altering the existing pretrial schedule and delaying the trial date in order to conduct separate rounds of discovery prior to trial.  This Order, of course, is not intended to express any opinion concerning the substantive merits of the parties' dispute over whether the Urban League is a covered employer under the FMLA based on a "joint employer" or "integrated

employer" theory.  Nor is this Order intended to express any opinion concerning the merits of discrete and particularized discovery objections which may be raised by any party at any time in the future.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion (DE # 14) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on June 26, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record