IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20463-CIV-MOORE

**CLOSED CIVIL CASE**

KIMBERLY F. EXEMAR,

    Plaintiff,

v.

THE URBAN LEAGUE OF GREATER MIAMI,
INC., a Florida non-profit corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Final Summary Judgment (dkt # 28). A Response (dkt # 35) and Reply (dkt # 39) were also filed.

UPON CONSIDERATION of the Motion, Response, Reply, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq., requires that certain employers provide eligible employees with "a total of 12 workweeks of leave during any 12-month period," when a qualifying event occurs. § 2612(a). One such event is "a serious health condition that makes the employee unable to perform the functions of [her] position." § 2612(a)(1)(D). In addition, upon returning from leave, the employee is entitled to be restored to the same position the employee held prior to taking leave, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." § 2614(a)(1). "The term 'employer' . . . means any person . . . who employs 50 or

more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." § 2611(4)(A)(i).

Plaintiff alleges two claims under the FMLA. The first claim alleges that Defendant interfered with Plaintiff's exercise of her rights under the FMLA. Am. Compl. (dkt # 11) ¶¶ 32-37; see § 2615(a)(1). The second claim alleges that Defendant retaliated against Plaintiff because of her attempt to exercise her FMLA rights. Am. Compl. ¶¶ 38-43.

Plaintiff is employed by Defendant, The Urban League of Greater Miami, Inc. ("Urban League"), at the Clara B. Knight Center (the "Center"). Plaintiff has worked at the Center from 1993 to 1996 as a teacher's aide, and from 1999 to 2007 as a teacher. Kimberly F. Exemar Deposition ("Exemar Dep.") (dkt # 30-2) 11-12, 13-17. In addition, since 2007, she has been working at the Center as a teacher's aid.

On or about July 30, 2007, Plaintiff went to a hospital emergency room, where she was admitted and had a cyst surgically removed. Plaintiff was discharged from the hospital on August 7, 2007, and was recovering until she returned to work on August 27, 2007. Am. Compl. ¶¶ 17-21. Although Plaintiff's teacher position was filled during her absence, Plaintiff accepted a teacher's aide position for the same number of hours per week, at the same hourly wage, and in the same classroom as her teacher position. Plaintiff's responsibilities and duties as teacher's aide were slightly different from those in her prior position as teacher. Exemar Dep. 117-20. In September 2007, Plaintiff's hours were reduced from eight to five hours per day. Am. Compl. ¶ 22. Her hours were restored in June 2008, and she has been working full time at the Center since then. Exemar Dep. 156, 172.

Plaintiff claims that Defendant satisfies the FMLA's fifty-employee requirement and that

the FMLA is thus applicable. Am. Compl. ¶ 7. Although The Urban League of Greater Miami, Inc. does not employ fifty employees itself, Plaintiff claims that it is an integrated employer with other entities and that combining the number of employees from those entities yields at least fifty. Defendant's Response to Defendant's Motion for Summary Judgment ("Resp.") (dkt # 37) 3. Furthermore, Plaintiff alleges that the demotion from teacher to teacher's aide and the reduction in hours violate her rights under the FMLA. Resp. 9-11.

Defendant claims that because it employs under fifty employees, the FMLA does not apply. Defendant's Reply in Support of Its Motion for Summary Judgment ("Reply") (dkt # 39) 1-5. Although Defendant disputes that it is an integrated employer, it contends that even if the number of employees for all the allegedly integrated entities are combined, the result is below fifty. Reply 1-5. In addition, assuming the FMLA is applicable, Defendant asserts that Plaintiff was not entitled to leave under the FMLA between August 7 and August 27, since she was fully capable of performing her job during that period. Defendant's Motion and Memorandum of Law in Support of Its Motion for Final Summary Judgment ("Mot.") (dkt # 28) 12-13; Reply 8-9. Even if she were entitled to leave, Defendant contends that it satisfied its obligation to restore Plaintiff to a substantially similar position upon her return, because the teacher and teacher's aide positions are equivalent to each other for FLSA purposes. Mot. 13-15; Reply 9. Furthermore, Defendant argues that the reduction in Plaintiff's hours was not related to her taking medical leave. Mot. 17-19. In 2005 and 2006, all the teachers at the Center, including Plaintiff, had their hours reduced to part time (and subsequently restored to full time), due to a regular drop (and rise) in the number of students enrolled at the Center. Similarly, in 2007, all but one of the teachers had their hours reduced, along with Plaintiff. Mot. 18-20.

3

## II.  STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id. (internal quotation marks omitted). In applying this standard, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. See Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

"The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact." Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993). However, the nonmoving party

> may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably

find for the [opposing party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

III. **DISCUSSION**

Plaintiff alleges that Defendant, combined with fifteen other integrated entities, has fifty or more employees and is thus subject to the requirements of the FMLA. Am. Compl. ¶ 7. However, even assuming that the Urban League is integrated with the fifteen other entities, Plaintiff has failed to raise a genuine issue of fact regarding whether the combined number of employees is fifty or more, as is required to trigger application of the FMLA. Accordingly, Defendant is entitled to summary judgment in its favor.

Defendant argues that the combined number of employees is below fifty, as well as points to evidence in the record indicating the absence of a genuine issue on this material fact. Mot. 11; Reply 1-5. In particular, Defendant notes that "[t]he deposition testimony of T. Willard Fair [dkt # 30-3], the declarations of R. Launita Gaiter [dkt #'s 31, 40-2] and the documents, including the tax returns . . . , all prove that the entities did not have the requisite number of employees." Reply 2. Indeed, there is evidence in the record regarding each entity's maximum number of employees during the relevant period – the 2006 and 2007 calendar years[1]:

1.  Urban League of Greater Miami, Inc. -- 20 employees (Form 941s for 2006 and 2007 (dkt # 39-2))

2.  Urban League Housing Foundation, Inc. -- 0 employees (Fair Dep. 7-8)

3.  Urban League Housing Partner, Inc. -- 0 employees (Fair Dep. 11)

4.  Central City Apartments Corp. -- 0 employees (Fair Dep. 41, 48)

---

[1] The relevant period is the "current or preceding calendar year," which in this case is 2006 or 2007. 29 U.S.C. § 2611(4)(A)(i) ("The term 'employer' . . . means any person . . . who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."); see also 29 C.F.R. § 825.105.

5

5. Central City Apartments, Ltd. -- 0 employees (Fair Dep. 41, 48)

6. M & M Mason II, Ltd. -- 0 employees (Fair Dep. 48)

7. GMUL, Inc. -- 0 employees (Fair Dep. 49)

8. ULGM, Inc. -- 5 employees (Form 941s for 2006 and 2007 (dkt # 40-4)) / 3 employees (Fair Dep. 51)

9. ULGM Development Corp. -- 0 employees (Fair Dep. 51-52)

10. Housing Development Corp. -- 0 employees (Fair Dep. 52)

11. ULGM Sugar Hill, Inc. -- 0 employees (Fair Dep. 44, 52)

12. New Urban Development, LLC -- 2 employees (Form 941s for second half of 2006 and all of 2007 (dkt # 40-3); Fair Dep. 56)

13. Lakeview, Inc. -- 0 employees (Fair Dep. 35)

14. The Urban League Housing Corporation of Greater Miami, Inc. -- 7 employees (Form 941s for 2006 and 2007, except for the second quarter of 2006 (dkt # 31-5))

    [Note: Although Fair stated in his deposition that this entity had no employees (Fair Dep. 50), it appears that he was counting its 6-7 employees under Covenant Palms (Fair Dep. 23), which the entity apparently owns (Reply 4 n.3; Fair Dep. 33).]

15. Lakeview Housing -- 0 employees (Fair Dep. 35)

16. Sugar Hill Apartments, Ltd. -- 0 employees (Fair Dep. 44)

Accordingly, Defendant has satisfied its initial burden of establishing "the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986).

The burden thus shifts to Plaintiff to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff, however, fails to point to any evidence undermining

6

Defendant's showing that the combined number of employees is under fifty. Indeed, Plaintiff does not even allege any basis for concluding that Defendant satisfies the fifty employee requirement. Instead, Plaintiff attempts to attack the evidence on which Defendant relies. She complains that Defendant is "utilizing self-serving affidavits rather than . . . tendering the 941's [IRS quarterly tax forms] which would definitively answer the 50-employee question." Resp. 9. Further, Plaintiff claims that Defendant's use of testimonial evidence to prove the contents of a document (i.e., the payroll), violates Federal Rule of Evidence 1002 -- the best evidence rule. Resp. 9. Plaintiff, however, is not able to pick the form of evidence she finds most persuasive and ignore the rest. More importantly, Plaintiff cannot successfully defend a motion for summary judgment by merely attacking Defendant's evidence that disproves her claim.

Defendant, as the party moving for summary judgment, is not required to produce evidence in support of its motion. See Celotex, 477 U.S. at 325 ("[T]he burden is [not] on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, . . . the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."); see also Dobrowiak v. Convenient Family Dentistry, Inc., No. 04-73495, 2008 WL 450474, at *4 (E.D. Mich. Feb. 15, 2008) ("[I]t was not Defendant's burden to disprove this element of Plaintiff's case. Rather, Defendant met its initial summary judgment burden by asserting that the record was insufficient as a matter of law to establish this element of Plaintiff's FMLA claims.").

Once Defendant met its initial burden, Plaintiff "was obligated to produce evidence

which, viewed most favorably to her, could sustain the conclusion that the 50-employee threshold was met." Dobrowiak, 2008 WL 450474, at *4. As Plaintiff has produced no such evidence (nor even claimed that she has), summary judgment must be granted in favor of Defendant. Notably, courts facing similar situations have reached the same conclusion. See id.; Freeman v. Sikorsky Aircraft Corp., No. 04-CV-0506-CVE-SAJ, 2006 WL 2385311, at *3 (N.D. Okla. Aug. 17, 2006) (dismissing FMLA claim where the "summary judgment record contain[ed] no documentation that [defendants] employed over 50 individuals"); Missak v. Lakeland Eng'g Equip. Co., No. 8:04CV567, 2005 WL 2764825, at *3 (D. Neb. Oct. 25, 2005) (dismissing claim where "plaintiff offer[ed] no evidence or support of any kind" for the allegation that defendant had fifty or more employees, and defendants "offered tax returns and wage statements . . . [indicating there were] less than 50 employees").

Although Plaintiff's inability to point to any evidence indicating that Defendant had the requisite number of employees is fatal to her claim, the Court will briefly address Plaintiff's arguments that summary judgment is precluded by the best evidence rule and Defendant's refusal to produce 941s for all sixteen entities. Resp. 8-9.

According to Rule 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." Fed. R. Evid. 1002. The Rule is inapplicable here, however, because Fair's deposition testimony and Gaiter's affidavits are being used to prove the number of employees, not the content of payroll documents. See U.S. v. Howard, 953 F.2d 610, 612 (11th Cir. 1992) ("The best evidence rule . . . requires the introduction of original recordings, if at all, only when the content of the recording itself is a factual issue relevant to the use.").

While the Department of Labor has adopted the "payroll method" for determining the number of employees, see Walters v. Metropolitan Educ. Enters., Inc., 519 U.S. 202, 207; 29 C.F.R. § 825.105(e) ("private employer is covered if it maintained 50 or more employees on the payroll"), this simply recognizes that "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Walters, 519 U.S. at 206. Plaintiff points to no support for reaching the conclusion that the adoption of the payroll method was also meant to create an exclusion for all other forms of evidence addressing the employment relationship. Applying such an exclusion seems particularly inappropriate since, as indicated by the Supreme Court and the Department of Labor, the true method for assessing whether a person is an employee is to determine whether there is an employer relationship. See id. ("[A]ll of the individuals with whom an employer has an employment relationship are 'employees' of that employer."); cf. 29 C.F.R. § 825.105(a) (discussing meaning of employment relationship). Furthermore, even the IRS Form 941 Quarterly Tax Return, upon which Plaintiff seeks to rely, is not the actual payroll.

Rule 1002 also does not apply where "a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document." Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648-49 (7th Cir. 2006). Here, Plaintiff does not allege, or point to any evidence indicating, that Fair or Gaiter based their testimony on anything other than personal knowledge.

Plaintiff's complaint that Defendant refused to produce documents is similarly without merit. If Plaintiff wished to obtain 941 forms for entities it believed were integrated with the Urban League, it had a full opportunity to do so during the discovery period. Plaintiff cannot

successfully defend the instant summary judgment motion by simply complaining that Defendant "refused to produce" or "vehemently refused to provide" the 941 forms. Resp. 8, 9. Although Plaintiff attaches to its Response an email it sent requesting 941 forms from Defendant, Plaintiff apparently never served or filed a formal request for production of the forms, nor made a motion to compel their production.

Finally, Plaintiff's inability to obtain 941 forms for all of the allegedly integrated entities is less problematic than Plaintiff claims. Entities without any employees do not file 941 forms. Reply 3-4. Thus, as Defendant has produced 941 forms for all of the entities that, according to the evidence, have at least one employee, there are no additional forms for Plaintiff to obtain -- or for Defendant to produce.

The Court's conclusion that Defendant is entitled to summary judgement on the issue of FMLA's applicability requires dismissal of the case. Therefore, the Court need not address other grounds for summary judgment raised in Defendant's Motion.

## IV. CONCLUSION

For the forgoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 28) is GRANTED. This case is CLOSED. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of November, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record