UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20463-CIV-MOORE/SIMONTON

KIMBERLY F. EXEMAR,

    Plaintiff,

v.

THE URBAN LEAGUE OF
GREATER MIAMI, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO TAX COSTS AND
MOTION FOR BILL OF COSTS**

Presently pending before the Court is Defendant, The Urban League of Greater Miami, Inc.'s ("Urban League") Motion to Tax Costs [D.E. 46] and Motion for Bill of Costs [D.E. 47]. The motions are referred to the undersigned Magistrate Judge [D.E. 48, 49]. The deadline for responding to the Motions was December 26, 2008, and no response was filed. Following a careful review of the record as a whole, it is hereby recommended that the Urban League's Motion to Tax Costs [D.E. 46] and Motion for Bill of Costs [D.E. 47] be GRANTED, in part.

I.    **BACKGROUND**

Plaintiff Kimberly F. Exemar filed this action against Defendant Urban League pursuant to the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §2601, et seq., alleging that Defendant interfered with the exercise of her rights under that statute [D.E. 1]. On November 5, 2008, the Court entered an Order granting the Defendant's Motion for Summary Judgment as Plaintiff failed to demonstrate that the Defendant employed fifty or more employees, as required under the FMLA [D.E. 43]. The Court entered a Final

Judgment in favor of the Defendant on November 19, 2008, but retained jurisdiction over the matter for attorneys' fees and costs [D.E. 45].

The instant motion followed.  Defendant seeks to recover costs in the amount of $3,335.56.  Since Plaintiff has not responded to the Motion and therefore not challenged the reasonableness of this amount, pursuant to Local Rule 7.1 C., this Court may grant the Motion by default.  However, the undersigned will review the costs sought by the Defendant to ensure that such costs are recoverable under the applicable statutes.

**II.     COSTS PURSUANT TO FED.R.CIV.P 54**

Defendant first seeks to recover costs pursuant to Federal Rule of Civil Procedure 54(d).  Rule 54(d) provides, in relevant part,  "...costs-other than attorney's fees-should be allowed to the prevailing party". Fed.R.Civ.P. 54(d).  In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987),  *superseded on other grounds, 42 U.S.C. § 1988© (1991)*, the Supreme Court held that the term "costs" as used in Rule 54(d) is defined by 28 U.S.C.A. § 1920, which specifically enumerates expenses that a federal court may tax as costs under that Rule.  Thus, "...absent explicit statutory or contractual authorization for the taxation of expenses....federal courts are bound by the limitations set out in 28....§ 1920" or other applicable statutory sections. *Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990)(citing *Crawford Fitting Co.,* 482 U.S., at 445).

In this case, Defendant was granted summary judgment and a final judgment was entered in its favor, and therefore there is no question that the Defendant is a prevailing party under Rule 54 and is entitled to costs as provided under § 1920.  Thus, this Court must examine 28 U.S.C.A.  § 1920, to determine which costs Defendant may recover as a prevailing party.   § 1920 provides that a judge or clerk of any court of the United States may tax as costs the following:

**2**

**(1) Fees of the clerk and marshal;**

**(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;**

**(3) Fees and disbursements for printing and witnesses;**

**(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;**

**(5) Docket fees under section 1923 of this title;**

**(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.**

In support of its Motion for Costs, Defendant has submitted a Bill of Costs which lists costs for service of process, deposition fees, and for photocopies [D.E. 46, ex. B]. Based upon §1920 and Eleventh Circuit case law, the undersigned concludes that the Defendant is entitled to recover the costs it seeks pursuant to Rule 54.

Specifically, Defendant has submitted costs for service of process fees in the amount of $39.00 incurred for service of a subpoena duces tecum by a private process server. While, §1920 only references fees of the clerk and marshal as taxable costs, the Eleventh Circuit has held that private process server fees may be taxed under this section to the extent that their fees do not exceed the statutory fees authorized for service by the marshal pursuant to 28 U.S.C. § 1921. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The fees sought by the Defendant herein for its private process server are reasonable, and do not exceed the statutory fees available to the marshal, and thus the Defendant is entitled to its costs incurred for serving the subpoena by a private process server.

As to the request for deposition fees, the Eleventh Circuit has held that under

§1920, a party is entitled to recover deposition fees that were necessarily obtained for use in the case. *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir.2000); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir.1996). In this case, Defendant seeks deposition fees for the depositions of the Plaintiff Kimberly F. Exemar, President and Chief Executive Officer of the Urban League Willard Fair, and the Plaintiff's supervisor Charlene Walker. Defendant relied upon the testimony of these deponents in support of its Motion for Summary Judgment [D.E. 29], and thus the deposition fees were necessarily obtained for use in the case. Accordingly, the Defendant is entitled to recover these fees.

Similarly, § 1920 explicitly provides that costs of copies may be recovered if necessarily obtained for use in the case, or if the prevailing party could have reasonably believed that it was necessary to copy the papers at issue. *EEOC v. W & O, Inc.*, 213 F.3d 623 (11th Cir.2000). Defendant has submitted copy costs in the amount of $365.20 and itemized how many copies were made and for what reason. The undersigned has reviewed the submission and concludes that the copies were necessarily obtained for use in the case, and thus Defendant is entitled to recover these costs, as well.

Accordingly, Defendant is entitled to recover all of the costs that it seeks pursuant to Fed.R.Civ. P. 54 as a prevailing party.

III.     COSTS PURSUANT TO FED.R.CIV.P 68

Defendant also seeks to recover costs under Fed.R.Civ.P. 68, Offer of Judgment. Rule 68(d) provides that a party defending against a claim may serve an offer to allow judgment on the opposing party, and if that offer is not accepted and the final judgment obtained by the offeree is not more favorable than the unaccepted offer, then the "offeree must pay the costs incurred by the after the offer was made." Fed.R.Civ.P. 68(d).

**It is clear from the record and uncontested in this case that Defendant made an offer of judgment pursuant to Fed.R.Civ.P. 68 to the Plaintiff on August 6, 2008 [D.E. 46-2]. Defendant offered to allow judgment to be entered in Plaintiff's favor and against Defendant in the amount of five-hundred dollars.** *Id*. **Plaintiff did not accept the Defendant's offer of judgment and ultimately final judgment was entered in Defendant's favor. Defendant therefore asserts that it is entitled to costs under Rule 68.**

**However, in** *Delta Air Lines, Inc. v. August*, **450 U.S. 346 (1981), the Supreme Court held that the plain language of Rule 68 makes clear that the Rule applies only to offers made by the defendant and only to judgments obtained by the plaintiff and is simply inapplicable to cases where the defendant obtains a judgment in its favor.** *Id.* **at 352. Thus, as Defendant in this case obtained a judgment in its favor, Rule 68 is not applicable and Defendant is not entitled to costs under that Rule.** *Accord*, *Design Pallets, Inc., v. Gray Robinson, P.A.*, **583 F. Supp.2d 1282, 1285 n. 5 (M.D. Fla. 2008)(finding Rule 68 inapplicable to defendant's request for costs where judgment entered in defendant's favor).**

**In the alternative, even if Rule 68 applied to cases where a defendant obtained a judgment against a plaintiff, the Defendant herein would not be entitled to the costs it seeks under that rule. Rather, like Rule 54, costs recoverable under Rule 68 are limited to those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the costs available beyond those enumerated in §1920.** *Parkes v. Hall*, **906 F.2d 658, 660 (11th Cir. 1990). In this case, the Plaintiff brought her cause of action pursuant to the FMLA which provides for the recovery of costs and fees for prevailing plaintiffs, but does not provide for recovery of fees and costs for prevailing defendants.** *See e.g., Newton v. Suntrust Bank*, **2006 WL 4826363 *1-**

2 (M.D. Fla. Aug. 4, 2006)(citing decisions from courts for proposition that prevailing attorney's fees and costs under FMLA only available to plaintiffs).  Thus, the substantive law under the FMLA does not expand the costs available under §1920 for the Defendant in this case.  Accordingly, Defendant is limited to recovering the same costs under Rule 68 that it would be entitled to recover under Rule 54, and as set forth in § 1920.

In its Motion to Tax Costs, Defendant seeks to recover costs for mediation in the amount of $300.00 and for West Law research in the amount of $370.51, pursuant to Rule 68.  However, these costs are not items listed under section §1920 and therefore are not recoverable under that section, and thereby are not recoverable under Rule 68. Defendant tacitly concedes this point by not seeking costs related to mediation and West law Research under Rule 54, which as discussed above, is limited to those costs set forth in § 1920 and any related statutes.  Accordingly, Defendant would not be allowed to recover costs for mediation and West Law research pursuant to Rule 68 Offer of Judgment, even if Rule 68 were applicable to the instant matter.

Therefore, based upon the foregoing and pursuant to Local Rule 7.1 C., it is hereby

**RECOMMENDED** that Defendant's Motion to Tax Costs [D.E. 46] be **GRANTED by default, in part** and Motion for Bill of Costs [D.E. 47] be **GRANTED by default.**  It is recommended that Defendant be awarded $2665.05 in costs pursuant to Rule 54.   This amount reflects the total amount of costs submitted by the Defendant ($3,335.56) less the unrecoverable costs for mediation and West Law research ($670.51).

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this

Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on February 4, 2009.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable K Michael Moore,**
   **United States District Judge**
**All counsel of record**